Dear Senator Duplessis,
In Act 45 of the 1994 Regular Session of the Louisiana Legislature (the "capital outlay bill"), the legislature made an appropriation to the East New Orleans Health Clinic, Inc. (a non-profit corporation) for "land acquisition, planning and construction" of a health clinic in New Orleans. In furtherance of the appropriation, on March 10, 1995, the State of Louisiana, represented by the Office of Facility Planning and Control of the Division of Administration, executed a cooperative endeavor agreement with the City of New Orleans and the New Orleans Health Corporation, Inc. Facility Planning and Control subsequently transferred to New Orleans Health Corporation, Inc. $675,000.00, which presumably was used to purchase the land in question. The cooperative endeavor agreement remains effective as long as the bonds issued for the project, or any refunding bonds, remain outstanding.
In 1996, the New Orleans Health Corporation, Inc. used the capital outlay funds (which were appropriated for the purpose of acquiring land and planning and constructing a health care clinic) to acquire property from Lakeland Terrace, Inc. via Act of Sale dated May 30, 1996.[1] The consideration for the Act of Sale was $675,000.00. A health care facility was never constructed on the land. According to your opinion request and attached title opinion, the land remains vacant and is presently encumbered with over $150,000.00 in unpaid liens resulting from judgments obtained against the New Orleans Health Corporation, Inc.
You have asked this office (1) whether the fact that the land remains vacant, despite the fact the State of Louisiana funds were used to purchase as a site for a health clinic, may allow for a cause of action that can result in the obtaining *Page 2 
ownership of the land in the name of the State; and (2) whether the members of the New Orleans Health Corporation, Inc. have any personal responsibility for the debts of the non-profit corporation.
The cooperative endeavor agreement with the New Orleans Health Corporation, Inc. states in the "use of funds" section that, "The City and the Corporation acknowledge that any funds not used in accordance with the terms of this Agreement and state law will be reimbursed to the State." Whether purchasing the land with capital outlay funds (that were appropriated for, among other things, land acquisition) but never constructing a health care clinic violates the terms of the cooperative endeavor agreement and therefore triggers the repayment clause is a factual determination ultimately to be made by a court of law and not our office. A comprehensive review of the cooperative endeavor agreement and the actions of the New Orleans Health Corporation, Inc. is recommended to determine whether the State, through the Office of Facility Planning and Control of the Division of Administration, has a cause of action against the New Orleans Health Corporation, Inc. for breach of contract for violating any of the terms of the cooperative endeavor agreement.[2]
Should it be determined that such a cause of action does exist, and if the State does elect to pursue a claim based upon a breach of the cooperative endeavor agreement and a monetary judgment is then obtained against New Orleans Health Corporation, Inc., the State could record the judgment in the parish in which the judgment debtor owns real estate (Orleans Parish in this case), thereby creating a judicial mortgage on the property. La.C.C. art. 3300. Judicial mortgages take effect from the date and time of recordation in the parish in which the judgment debtor owns real estate. CC art. 3346(A). However, because there appears to be pre-existing judicial mortgages and lienholders currently affecting the property, the State would not be first in line to collect its money if the property were seized and sold.[3] Due to the number and amount of liens and mortgages already filed against the property and without knowing the current value of the property, it is unclear whether a seizure and sale of the property would result in any recovery by the State on its claim. If, however, the value of the property is greater than the total amount of liens and mortgages, the State could force the property to be seized and sold, have the superior liens and mortgages paid off, and would then be entitled to any money remaining to satisfy the State's monetary judgment. In the event that the State is the successful bidder on the property, the State would be responsible for paying off the superior liens and *Page 3 
mortgages and could then either choose to keep the property or sell the property and keep the proceeds of the sale.
In response to your second question regarding the personal liability of the members of the New Orleans Health Corporation, Inc. for corporation debts, La.R.S. 12:219(A) provides that, as a general matter, "[a] member of a corporation shall not be liable personally for any obligation of the corporation." According to the Secretary of State's website, as of September 30, 2008 the New Orleans Health Corporation, Inc. remains a non-profit corporation in good standing. Although the general rule provides that if the officers and directors of a corporation do not purport to bind themselves individually, they do not incur personal liability for the debts of the corporation, an exception to this rule arises when an officer or director, acting through the corporation, defrauds or deceives a third party. Young v. Adolph, 02-67, 821 So.2d 101
(La.App. 5 Cir. 5/15/02). Courts have found it appropriate to disregard the corporate entity, or "pierce the corporate veil" in cases where observing the fiction of a separate identity would result in inequity, fraud, or some wrong. If the State were able to "pierce the corporate veil", the debts incurred by the corporation would become the personal obligations of those corporate members so named. We have not received any information as to whether or not such a claim to hold the corporation members personally liable would be appropriate or successful under the circumstances described and therefore we provide no opinion as to the merits of such a claim.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY: __________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt
[1] The property acquired is more particularly described as Lots 95, 97, and 99A situated in Section 44, Township 12 South, Range 12 East, Southeastern Land District of Louisiana, East of the Mississippi River in the Third District of the City of New Orleans.
[2] Other terms of the cooperative endeavor agreement that should be examined to determine whether the State may have a cause of action for breach of contract include, but are not limited to, the funds being used for a public purpose, the State's right to audit the corporation, the application of the public bid law, reporting requirements, and the ownership of property requirement.
[3] Our knowledge of encumbrances currently affecting the property comes solely from the title opinion enclosed with your opinion request.